UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|   Plaintiff, | |
|   v. | Case No. 20-cr-40058-JPG-002 |
| JOHN ERIC OWEN, | |
|   Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant John Eric Owen's letter dated May 22, 2022 (Doc. 102), which the Court construes as a motion for free copies of the transcripts in his criminal case. Transcripts have not been prepared by the court reporter in Owen's case.

A defendant has a right to a free transcript under limited circumstances. This right is dependent upon: (1) whether the defendant can establish that he is indigent, and (2) whether the transcript is needed to decide an issue presented by a pending and non-frivolous action. *See* 28 U.S.C. § 753(f). These requirements do not violate the Constitution. *See United States v. MacCollom*, 426 U.S. 317 (1976) (court's decision not to grant indigent federal prisoner unconditional right to obtain trial transcript for § 2255 proceeding does not violate due process or equal protection); *Lampley v. McBride*, 207 F. App'x 649, 651 (7th Cir. 2006) (court not required to provide transcript at public expense if proceeding is frivolous).

Owen has not made the showing this Court requires before it will order a transcript to be prepared for him at the public's expense. First, Owen has failed to provide sufficient evidence that he is indigent and cannot pay for the transcript he requests. He has submitted no documentation of the current status of his finances. Therefore, he has failed to satisfy the first requirement.

Secondly, and more importantly, the defendant has no pending matter before this Court. This Court, therefore, is unable to certify that he is pursuing a matter that is not frivolous or that transcripts are needed to decide the issue or issues presented by such a matter. *United States v. Horvath*, 157 F.3d 131, 132 (2d Cir. 1998) (*per curiam*) (motion for free transcript not ripe until filing of § 2255 challenge to sentence); *Chapman v. United States*, 55 F.3d 390, 390-91 (8th Cir. 1995) (*per curiam*) (denial of transcript justified prior to filing of § 2255 challenge to sentence). If, at some point, the defendant should have an action pending before this Court, he may resubmit his request for a free transcript. At such time, the defendant will have the burden to establish (1) that he is indigent (such as by submitting an affidavit and a record of his prison trust fund account for the last six-months), and (2) that the transcripts are needed to decide a pending non-frivolous matter.

For the foregoing reasons, the Court hereby **DENIES** the motion **without prejudice** (Doc. 102).

**IT IS SO ORDERED.**
**DATED:  June 29, 2022**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**